IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TODD D. GORDON, | ) | CASE NO. 3:19-cv-187 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I. Introduction

Todd Gordon, a homeowner, filed a Petition to Strike Lien in the Court of Common Pleas of Clearfield County, stemming from a Notice of Federal Tax Lien ("NFTL") the IRS filed against him in 2005. Gordon alleges that Defendant United States of America (the "USA") improperly retains a judgment against his property in Clearfield County. The USA removed the action, then moved to dismiss, arguing that the case is moot and that sovereign immunity bars Gordon's action. The USA's Motion to Dismiss for Lack of Jurisdiction (ECF No. 2) is fully briefed (ECF Nos. 3, 4) and ripe for disposition.

The Court holds that it lacks jurisdiction over the action. Accordingly, the Court **GRANTS** the Motion and **REMANDS** the case to the Court of Common Pleas.

II. Venue

Venue is proper in the Western District of Pennsylvania because the USA removed the case from the Court of Common Pleas of Clearfield County, which this district embraces. 28

U.S.C. § 1441. Additionally, the USA may remove any action commenced against it in state court. 28 U.S.C. § 1442(a)(1).

## III. Factual and Procedural Background[1]

This case arises from the Internal Revenue Service's ("IRS") filing of a NFTL against Gordon on September 6, 2005. (ECF No. 1-1 ¶ 1.) On the day of filing of the NFTL, the Court of Common Pleas entered judgment in favor of the USA, although the USA never sought judgment or further acted upon the liens; this may have been the result of a clerical error at the Court of Common Pleas. (ECF No. 1-1 at 6, 8; ECF No. 11.) The NFTL provides that, unless the IRS refiles the NFTL, after a certain period, usually ten years, the NFTL expires and becomes a certificate of release pursuant to 26 U.S.C. § 6325.[2] (ECF No. 1-1 ¶¶ 2–4.) The IRS never refiled the NFTL and the lien expired in 2015. (Id. ¶¶ 5, 10; ECF No. 3 ¶ 4.) Pursuant to Section 6325, the lien is now unenforceable. (ECF No. 1-1 ¶ 11.)

Sometime in 2019—the date does not appear in the record—Gordon filed a Petition to Strike Lien, after which the Court of Common Pleas issued an order directing the USA to show cause. (Id. ¶¶ 6–7.) The Court of Common Pleas then struck the show cause order and on October 3, 2019, Gordon filed an Amended Petition, again requesting the Court of Common Pleas to strike the lien. (Id. 8–9.) On November 1, 2019, the USA removed the case to this Court. (ECF No. 1.)

---

[1] The Court derives the following facts from the USA's Notice of Removal and its attachments (ECF No. 1), the USA's Motion to Dismiss and Brief in Support (ECF Nos. 2, 3), and Gordon's Response in Opposition. (ECF No. 4.) The Court also recounts certain facts presented to it at a case management conference on February 10, 2020. All citations to facts presented at that conference will be to "(ECF No. 11.)."

[2] The NFTL states that, if the IRS does not refile the lien by a certain time, the lien expires and is no longer enforceable. This is what is meant by a "certificate of release"

-2-

On November 8, 2019, the USA moved to dismiss the case for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 2.) Gordon responded in opposition on November 29, 2019. (ECF No. 4.)

IV. **Legal Standard**

Rule 12 provides that a party may move to dismiss a case on the basis that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). At issue in a Rule 12(b)(1) motion is the court's "very power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). Consequently, a court must grant a motion to dismiss under Rule 12(b)(1) if it lacks subject matter jurisdiction to hear a claimp. *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). In evaluating such a motion, a court must first determine whether the movant presents a facial or factual challenge. *Id.* A facial attack argues that the allegations contained in a claim are, on their face, insufficient to invoke this Court's subject matter jurisdiction; in contrast, a factual attack contends that there can be no subject matter jurisdiction because the facts of the case do not support it. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). By way of example, in a factual challenge, a complaint might properly allege diversity of citizenship, but the defendant can submit proof to show that the court lacks jurisdiction. *Id.* Once the defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.*

V. Discussion

A. The Parties' Arguments

The USA mounts a factual challenge to this Court's jurisdiction, arguing that it lacks jurisdiction because: (1) the case is moot; and (2) sovereign immunity bars the suit.[3]

The USA argues that the case is moot[4] because the NFTL no longer operates as a lien on Gordon's property; rather, it is, by its terms, a certificate of release. (ECF No. 3 at 3–4.) Gordon's petition seeks to strike the NFTL, but all parties agree that the NFTL is no longer active, and therefore there is no active controversy over which this Court has jurisdiction. (*Id.*)

Gordon responds that there remains an active controversy in this case because the judgment entered by the Court of Common Pleas remains on the docket and that docket indicates that the case remains open. (ECF No. 4 at 5.) Because there is an active controversy, the Court should deny the Motion to Dismiss and remand the case to the Court of Common Pleas. (*Id.*)

---

[3] In addition, the USA argues that the Tax Anti-Injunction Act, codified at 26 U.S.C. §7421 bars this suit to the extent that Gordon seeks to restrain collection of taxes. (ECF No. 3 at 5.) As the parties agree that the NFTL is unenforceable, and Gordon does not appear to be seeking to restrain collection of taxes, the Court will not address this argument further. (*See* ECF No. 11.) The USA also moved to dismiss the case for failure to state a claim. In light of this Court's resolution of the issues on the grounds of subject matter jurisdiction, the Court declines to address these arguments.

[4] The USA also contends that the doctrine of sovereign immunity bars this action. (ECF No. 3 at 4.) The ordinary federal question jurisdiction granted by 28 U.S.C. § 1331 is insufficient to waive sovereign immunity and the plaintiff must identify a specific waiver. (*Id.*) Gordon has not identified a specific waiver that permits this action, except to the extent he seeks to quiet title, a moot claim. (*Id.*) Gordon argues that sovereign immunity does not bar the action because he has not sued the USA; rather, he filed the Amended Petition as a secondary filing in the case initiated by the IRS' filing of the NFTL against him. (ECF No. 4 at 6.) As the Court disposes of the case on mootness grounds, it expresses no view on the issues of sovereign immunity this case presents.

## B. The Case Is Moot and the Court Lacks Subject Matter Jurisdiction

In order for a federal court to have jurisdiction over an action, there must be a "case" or "controversy." *See* U.S. Const. Art. III. When a case becomes moot, there is no longer a case or controversy, and the Court no longer has jurisdiction. A case becomes moot when there are no longer live issues in the case or when the parties no longer possess cognizable interests in the outcome. *Utd. Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016). The central question in this inquiry is whether the circumstances of the litigation have changed so as to render relief meaningless. *Id.*

A case may be rendered moot where the defendant has granted the plaintiff the relief sought by complying with the plaintiff's request. *Friends of the Earth v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). In such circumstances, a case may become moot if succeeding events make it "absolutely clear" that there is no reasonable expectation that the complained-of behavior will recur. *Id.*

Here, this case is moot because there are no longer live issues before this Court and it is unable to effectively render relief. The USA has also granted Gordon the relief he seeks to the extent that it can. The Parties agree that the NFTL is no longer in force, and that it operates solely as certificate of release of the original lien. (*See* ECF No. 3 at 3–4.) The only dispute remaining in this case is the outstanding judgment against Gordon, filed in error by either the Court of Common Pleas or the Prothonotary of Clearfield County. This Court is unable to order

either entity to remove that judgment and therefore cannot afford effective relief in this action and there is therefore no case or controversy in this action.[5]

## C. The Court Remands the Case To The Court of Common Pleas

In cases removed from state courts, a motion to remand generally must be made within thirty days of removal. 28 U.S.C. § 1447(c). However, if a district court determines, at any time prior to final judgment, that it lacks subject matter jurisdiction, the court must remand the action to state court. *Id.*

With no case or controversy before it, the Court lacks subject matter jurisdiction and will accordingly remand the case to the Clearfield County Court of Common Pleas.[6]

## VI. Conclusion

For the foregoing reasons, the Court grants the Motion and remands the action to the Court of Common Pleas of Clearfield County.

A corresponding order follows.

---

[5] To the extent that this Court's determination that there is no case or controversy implicates other doctrines of justiciability, such as standing, the Court's reasoning should be construed to cover those doctrines as well. For instance, Gordon arguably lacks standing. The Court cannot remedy any injury he has suffered as a result of the IRS' actions because the Court of Common Pleas and the Clearfield County Prothonotary retain the ability to remove the extant judgment in the state court case, not this Court. Accordingly, Gordon arguably lacks one of the three critical elements of standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

[6] Additionally, the Court notes that, at the case management conference on February 10, 2020, the USA raised the issue that Gordon had failed to exhaust his administrative remedies by filing a form to ask the IRS to remove the NFTL, rather than leaving it extant as a release. (ECF No. 11.) That issue was not briefed by the parties, and the Court therefore expresses no view on it. However, exhaustion may be an appropriate subject for the Court of Common Pleas to address on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TODD D. GORDON, | ) | CASEp NO. 3:19-87 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this **13th** day of February, 2020, upon consideration of the USA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 2), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. **IT IS FURTHER ORDERED** that the case is **REMANDED** to the Court of Common Pleas of Clearfield County.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE